United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-10618
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE 1996 LEXUS LS 400,
VIN JT8BH22F8T0036858,

Defendant,

INCREASE EBONG ISANG,

Movant-Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-00947-BF-R

———————————————————————————————

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Increase Ebong Isang, federal prisoner # 24177-077, has
moved this court for leave to proceed in forma pauperis ("IFP") in
an appeal from the district court's judgment determining that one
1996 Lexus LS 400, VIN JT8BH22F8T0036858, is subject to forfeiture
pursuant to 18 U.S.C. §981(a)(1)(C). In denying Isang's motion for
leave to proceed IFP on appeal, the district court certified that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a). By moving for IFP, Isang has challenged the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court did not err in rejecting Isang's contention that the forfeiture was illegal because he was not provided with pre-deprivation notice and hearing. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 679–80 (1974). Nor did it err in rejecting Isang's contention that the forfeiture was illegal because the Lexus was not seized pursuant to a search warrant. See United States v. $9,041,598.68, 163 F.3d 238, 250 (5th Cir. 1998). In granting the motion for summary judgment, the district court concluded that the United States had met its burden of proving that Isang had engaged in the criminal activity described in 18 U.S.C. § 513(a) and that the Government had shown that the Lexus was derived from the proceeds of that criminal activity. Isang presented no competent summary judgment evidence to the contrary. No error has been shown.

Because Isang has not shown that his appeal will present legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983); 5TH CIR. R. 42.2; see also Baugh, 117 F.3d at 202 n.24. The motion for leave to proceed IFP on appeal is **DENIED**.

**APPEAL DISMISSED; IFP DENIED.**

2